LITTLE EARTH OF UNITED TRIBES, INC., a Minnesota Nonprofit Corporation, and Little Earth Tenants' Committee, Plaintiffs,

v.

UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, Samuel R. Pierce, Jr., in his capacity as Secretary, United States Department of Housing and Urban Development, (HUD), John Doe and Mary Roe, Agents and Officials of HUD, and Donald Omodt in his capacity as Sheriff of Hennepin County, Defendants.

Civ. No. 3–82–1096.

United States District Court,
D. Minnesota,
Third Division.

June 27, 1983.

Larry Leventhal, Minneapolis, Minn., for Little Earth of United Tribes.

Randall Smith, Minneapolis, Minn., for Little Earth Tenants' Committee.

Francis X. Hermann, Asst. U.S. Atty., Minneapolis, Minn., Sarah E. Canzoneri and Geoffrey Patton, Washington, D.C., for defendants.

## MEMORANDUM AND ORDER

RENNER, District Judge.

This matter comes before the court on motions by plaintiffs and federal defendants. The matter was heard May 11, 1983. Larry Leventhal, Esq. appeared for plaintiff Little Earth of United Tribes, Inc. (LEOUT) and Randall Smith, Esq. appeared for plaintiff Little Earth Tenants' Committee, now entitled Little Earth Residents' Council (Residents' Council). Francis X. Hermann, Assistant United States Attorney, Sarah E. Canzoneri, Esq. and Geoffrey L. Patton, Esq. appeared for defendants U.S. Department of Housing (HUD), Samuel R. Pierce, Jr., Secretary of HUD, John Doe and Mary Roe (the Federal defendants).

### I.

### INTRODUCTION

On March 13, 1982, HUD began advertising the nonjudicial foreclosure sale of the Little Earth Housing Project, which is owned by LEOUT. The sale was scheduled to take place on May 3, 1982. At the time, the total accelerated debt was nearly 5.5 million. Currently, the amount delinquent on the mortgage is approximately $1.325 million, estimated needed repairs on the project are approximately $2.8 million and the total accelerated debt is about $5.25 million. All utility bills are seriously overdue and shut-off is a likely possibility.

The parties disagree vehemently concerning the reasons for the large debts. HUD alleges that the deficiencies are the result of serious mismanagement: (1) failure to follow proper accounting procedures; (2) inflated administrative costs, especially unnecessary travel expenses paid to the board members; (3) failure to maintain the property; and (4) failure to properly monitor the occupancy of the units, resulting in both over and underutilization of the housing. LEOUT, in turn, alleges that the problems result from: (1) poor construction of the project; (2) negligent supervision by HUD; (3) HUD's failure to provide increased contract rents allegedly required by the contract; (4) HUD's failure to ap-

prove the budget in a timely fashion; and (5) HUD's failure to apply the flexible subsidy program to Little Earth.

The Residents' Council is the product of a merger between the Little Earth Tenants' Committee and others. Several weeks before the scheduled sale, on April 13, 1982, LEOUT and the Residents' Council filed a complaint and motion for temporary restraining order. The named defendants in the complaint are: (1) HUD; (2) its secretary; (3) two unnamed HUD agents; and (4) Donald Omodt, Sheriff of Hennepin County. Later that day, the parties executed a stipulation agreeing to the entry of a TRO enjoining the sale. The order was later extended by agreement of the parties and still remains in effect.

The complaint contains numerous unnumbered allegations which, for ease of discussion, can best be characterized as administrative action claims and civil rights claims. The administrative action claims are, generally, that HUD was arbitrary and capricious and in violation of national housing policy in its administration of the project and in its ultimate decision to foreclose. More specifically, plaintiffs allege and seek a declaratory judgment that HUD has:

1. Failed to properly implement the National Housing Laws;
2. Failed to appropriately credit monies owed to Little Earth;
3. Deprived them of due process in violation of the Fifth Amendment;
4. Violated the APA;
5. Failed to obtain an allegedly required environmental impact statement;
6. Breached its contractual obligations under the existing § 8 agreement; and
7. Wrongfully refused for approximately four years to consider and act upon;
   (a) rent increase requests;
   (b) flexible subsidy programs; and
   (c) annual budgets.

Based on these claimed administrative violations, plaintiffs also seek an injunction permanently enjoining foreclosure by HUD.

For their civil rights claims, plaintiffs seek $2 million damages for alleged violations of Title VI and VII, 42 U.S.C. §§ 1981, 1982, 1983 and 1985(3) and the United States Constitution.

Defendants now move for summary judgment as to all claims, for vacation of the TRO, and for appointment of a receiver. Plaintiffs move for partial summary judgment and for preliminary injunctions restraining the foreclosure sale, restraining change of management and restraining transfer of monies now in Little Earth's section 8 reserve account.

## II.

### DISCUSSION

#### A. *Standing of the Residents' Council*

■ Defendants argue that the Residents' Council has no standing because the residents will more likely benefit from a foreclosure than not. This argument is without merit. The question is not, as defendants suggest, whether the tenants will be better off if foreclosure occurs; the question is, rather, if the threatened injury occurs, *i.e.*, foreclosure and eviction, will it be traceable to an action by defendants which the court could prevent by the exercise of its remedial powers? *See Duke Power Company v. Carolina Environmental Study Group, Inc.*, 438 U.S. 59, 72, 98 S.Ct. 2620, 2630, 57 L.Ed.2d 595 (1978). That test is easily satisfied here.

#### B. *Federal Defendants' Motion for Summary Judgment*

Under Fed.R.Civ.P. 56(c), a motion for summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The court must view the evidence in the light most favorable to the nonmoving party and give it the benefit of all reasonable inferences to be drawn from the facts. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59, 90 S.Ct.

1598, 1609, 26 L.Ed.2d 142 (1970); *Snell v. United States*, 680 F.2d 545, 547 (8th Cir. 1982). Although the remedy is often said to be a drastic one, the Court of Appeals has frequently noted that summary judgment also serves a salutary purpose in avoiding "useless and time consuming trials." *Id.*, at 547, *citing Butler v. MFA Life Insurance Co.*, 591 F.2d 448, 451 (8th Cir.1979).

With these principles in mind, the Court concludes that partial summary judgment must be granted in defendants' favor as to plaintiffs' administrative action claims. Consequently, defendants' motion for appointment of a receiver must be denied as moot. Plaintiffs' motions for partial summary judgment and for preliminary injunctions restraining the foreclosure sale, change of management and transfer of monies now in Little Earth's Section 8 reserve account are similarly moot. Decision on defendants' motion for summary judgment as to the civil rights claims will be reserved, however, pending further review.

■ HUD has broad discretion in its decision to foreclose a defaulted mortgage. *United States v. Victory Highway Village, Inc.*, 662 F.2d 488 (8th Cir.1981). A party challenging such a foreclosure has the burden of showing that the action is arbitrary, capricious or an abuse of discretion. *Id.* at 494.

■ As plaintiffs argue, however, the decision to foreclose must be in accord with national housing objectives. Among these objectives is the availability of decent housing for low-income people. *See* 12 U.S.C.A. § 1701t. Plaintiffs argue further that the decision to foreclose Little Earth is not in accord with that policy since it will force low-income people out of their homes.

■ HUD maintains both vigorously and credibly that eviction will not result from foreclosure since it intends to purchase the property itself. The possibility does exist, nevertheless, that HUD could subsequently sell the property to a private owner who might evict tenants. This remote possibility does not render HUD's decision to foreclose the project violative of national housing policy.

As the Court of Appeals noted in *Victory Highway Village*, to further national housing policy, HUD is bound to protect its mortgage fund so that other projects may be built and subsidized. *Id.*, 662 F.2d at 495. National housing policy does not require that HUD hang on to seriously troubled projects; indeed, such a course of action would jeopardize the program and, in turn, violate the objective which plaintiffs support.

In *Victory Highway Village*, a case involving foreclosure on a HUD-supported mobile home park, the court held that equitable grounds did not constitute a defense to foreclosure where a project had been in default for approximately seven years, even though the project had tendered an offer to pay an amount sufficient to make the mortgage notes current. The Court said:

> We conclude that, in light of the undisputed defaults in the obligations of the notes, mortgages and provisional agreement, the important national housing policy considerations, and the contractual and statutory right to foreclose, HUD was entitled to a judgment of foreclosure.

*Id.* at 495.

HUD's decision to foreclose Little Earth is similarly justified. Although plaintiff argues that the project cannot be termed in default until an accounting is made of the funds it was allegedly denied, no genuine issue of material fact exists about the project's payment history on the HUD mortgage. The loan has been in default since 1975. Indeed, the only time during the life of the mortgage when payments were made regularly was during 1978 and 1979. Between December 1980 and the filing of this lawsuit, LEOUT made no mortgage payments at all. *See* Declaration of Timothy Toomer, ¶s 3, 5.

Under such circumstances, HUD has both a contractual and statutory right to foreclose. The mortgage contract expressly provides that, in the event of default, the

mortgagee is empowered to "sell the mortgaged premises as a whole or in parcels at public auction and to convey the same to the purchaser in fee simple...." Covenant 17 of mortgage, Def.Doc. No. 2. When, as here, the mortgagor's failure to make payments is undisputed, the court "cannot abrogate the right of foreclosure and sale ... which is incorporated in the contract and on the strength of which the creditor lent his money." *Victory Highway Village,* 662 F.2d at 494, *quoting U.S. v. Sylacauga Properties, Inc.,* 323 F.2d 487 at 491 (5th Cir.1963).

The Secretary is also authorized under Section 207(k) of the National Housing Act, 12 U.S.C. § 1713(k) to either "acquire possession and title to mortgaged property assigned to him by voluntary conveyance or to institute foreclosure proceedings and to prosecute such proceedings to conclusion." *Victory Highway Village,* 662 F.2d at 495.

Plaintiffs assert numerous alleged violations of administrative procedure in defense to the foreclosure. Although not all claims require discussion, none of these asserted violations precludes summary judgment.

■ Plaintiffs argue, first, that HUD failed to explore alternatives to foreclosure such as recasting and extending the mortgage, exercising forebearance or transferring to profit oriented ownership. HUD disputes that it is required to explore such alternatives as plaintiffs suggest. Nevertheless, even if such examination of alternatives were required, it is clear that defendants have more than adequately fulfilled the requirement.

HUD's failure to foreclose since June 1975 when the project was first in default is obviously forebearance. Since that date, the mortgage delinquency has risen from less than $170,000 to over $1,325,000. Defs.Docs. Nos. 98 and 102. In addition, HUD has worked with LEOUT since January 1981 to effect transfer of ownership of Little Earth to another entity. *See, e.g.,* Def.Docs. Nos. 42, 57, 78 d 105. Admittedly, plaintiffs' contention that defendants

lacked a proper motive in these negotiations creates a factual dispute, but it is not a material one, since equitable grounds are not a defense to mortgage foreclosure by HUD once default occurs. *See Victory Highway Village,* 662 F.2d at 494.

■ Similarly, even if HUD had supervised the construction or maintenance of the project negligently, that would not be a defense to a default under the *Victory Highway Village* rule. In *U.S. v. Winthrop Towers,* 628 F.2d 1028 (7th Cir.1980), the court specifically so held, saying "[t]he fact that HUD may have been negligent in inspecting the project and releasing the builders does not constitute an affirmative defense to a foreclosure suit."

■ Plaintiffs' arguments that foreclosure is improper because HUD denied its requests for increased rental subsidies and flexible subsidy funding are equally unavailing. The majority of courts have held that HUD's decisions on rent increase requests are matters committed to agency discretion by law under Section 10 of the APA, 5 U.S.C. § 701(a)(2) and thus not reviewable. *See, e.g., Grace Towers Tenants Association v. Grace Housing Development Fund Co.,* 538 F.2d 491, 496 (2d Cir.1976); *Harlib v. Lynn,* 511 F.2d 51, 56 (7th Cir.1975). The same principle would mandate that HUD's decision to deny Little Earth flexible subsidy funding is also unreviewable. More importantly, however, even if these funding decisions were reviewable, the outcome of review would have no relevance to the foreclosure action under *Victory Highway Village.*

■ Finally, plaintiffs' argument that the foreclosure should be enjoined because HUD has failed to prepare an environmental impact statement and/or displacement analysis is without merit. The Court of Appeals has held that "socio-economic effects alone are insufficient to trigger an agency's obligation to prepare an EIS." *Como-Falcon Community Coalition, Inc. v. U.S. Department of Labor,* 609 F.2d 342, 345 (8th Cir.1979) *cert. denied* 446 U.S. 936, 100 S.Ct. 2154, 64 L.Ed.2d 789

(1980) *quoting Image of Greater San Antonio, Texas v. Brown*, 570 F.2d 517, 522 (5th Cir.1978).

█ For their argument that a displacement analysis is required, plaintiffs cite 42 U.S.C. § 5313, a section relating to requirements for community development block grants. This section is obviously inapplicable here.

In sum, plaintiffs' allegations that administrative decisions by HUD caused or contributed to the default are irrelevant to the foreclosure action. Allegations regarding bias or improper motives on the part of HUD officials are relevant only to plaintiffs' civil rights claims. Thus, in granting summary judgment for the defendants on the administrative action claims, the court makes no determination on the validity of these allegations. Similarly, the decision should neither be construed as a comment on the quality of management at Little Earth nor as a vindication of HUD's position.

Rather, in granting summary judgment for the defendants on the administrative action claims, the court merely holds that HUD's decision to foreclose on the Little Earth mortgage which had been in default since 1975 is neither arbitrary nor capricious. It is an exercise of HUD's contractual and statutory rights necessary to protect the mortgage fund and further national housing policy.

The court specifically finds in accordance with Rule 54(b) Fed.R.Civ.P., that there is no just reason for delay of entry of partial summary judgment on the administrative action claims.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion for summary judgment is granted as to the administrative action claims; defendants' motion for summary judgment as to the civil rights claim remains under advisement pending further review;

2. Defendants' motion to vacate the Temporary Restraining Order is granted;

3. Defendants' motion for appointment of a receiver is denied as moot; and

4. Plaintiffs' motions for partial summary judgment, and for preliminary injunctions restraining the foreclosure sale, restraining a change of management and restraining transfer of monies now in Little Earth's Section 8 account is denied as moot.