**UNITED STATES of America, Plaintiff,**

v.

**BEACON TERRACE MUTUAL HOMES, INC., Defendant.**

**Civ. No. H–82–2506.**

United States District Court, D. Maryland.

March 13, 1984.

William D. Quarles, Asst. U.S. Atty., Baltimore, Md., for plaintiff.

Michael E. Leaf and Leaf, Hertsch & Handy, Bel Air, Md., for defendant.

## MEMORANDUM AND ORDER

ALEXANDER HARVEY, II, District Judge.

Presently pending in this civil action is plaintiff's motion for summary judgment. Memoranda, affidavits and exhibits in sup-port of and in opposition to this motion have been filed by the parties and carefully reviewed by the Court. No hearing is necessary. *See* Local Rule 6. For the reasons to be stated herein, plaintiff's motion for summary judgment will be granted.

This is a civil action in which the United States is seeking the foreclosure of a federally insured mortgage and other relief because of defendant's default. Suit has been brought on behalf of the Secretary of the Department of Housing and Urban Development (hereinafter "HUD"), which is the secured party under the Note, Deed of Trust and Security Agreements securing the mortgage loan made to defendant Beacon Terrace Mutual Homes, Inc. (hereinafter "BTMH"). The property in question (hereinafter "Beacon Terrace") is a 100 unit cooperative housing project insured and subsidized pursuant to Section 236 of the National Housing Act, 12 U.S.C. 1715z–1 (hereinafter the "NHA"). Plaintiff seeks foreclosure of the mortgage and other relief because defendant has defaulted in the payment of the Note. Although conceding that it is in default, defendant opposes foreclosure on several grounds.

## I

### Background

Pursuant to the NHA, 12 U.S.C. § 1701, *et seq.*, the Secretary of HUD (hereinafter the "Secretary") is authorized to underwrite mortgage insurance to insure mortgagees against losses due to default by the mortgagors. Foreclosure actions on such federally insured mortgages are authorized pursuant to the NHA, 12 U.S.C. § 1713(k), and the Department of Housing and Urban Development Act, 42 U.S.C. § 3535(i)(1).

The uncontroverted facts are as follows. On April 7, 1971, BTMH executed and delivered to Advance Mortgage Corp. (hereinafter "Advance") its Deed of Trust Note in the amount of $2,087,600 which was secured by a Deed of Trust encumbering certain real property in Harford County, Maryland. Thereafter, a Security Agreement covering certain chattels on the en-

cumbered realty was executed by BTMH in order to further secure the payment of the indebtedness. Later, a modification Agreement was entered into between BTMH and Advance. Plaintiff is the lawful owner and holder of the Note, Deed of Trust and Security Agreements as a result of various assignments from Advance.

BTMH failed to pay the monthly installment due on May 1, 1974 prior to the due date of the next installment.. Since that time, defendant has not made sufficient payments to make the mortgage current. Accordingly, plaintiff has declared the entire balance due. At the present time, over $500,000 is due as interest and over $2,000,-000 as principal. In the absence of payment of the entire balance due, plaintiff seeks, pursuant to the Deed of Trust, immediate possession of the premises, foreclosure of the mortgage and other relief.

This suit was filed in August, 1982. On January 10, 1983, this Court denied defendant's motion to dismiss, holding that this suit was not barred by the federal statute of limitations, 28 U.S.C. § 2415(a). Since then, plaintiff has moved for summary judgment pursuant to Rule 56, F.R.Civ.P. The documents and memoranda which have been filed present the court with a full record for a decision on the pending motion.

## II

*Plaintiff's Motion for Summary Judgment*

■ It is well settled that a decision by HUD to foreclose on a federally insured mortgage is subject to only limited judicial review under the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.*, § 706(2)(A); *United States v. Winthrop Towers*, 628 F.2d 1028 (7th Cir.1980); *Kent Farm Company v. Hills,* 417 F.Supp. 297 (D.D.C. 1976). HUD has a wide discretion in this area, particularly where, as here, the mortgagor is a commercial entity. *Winthrop Towers, supra* at 1035–36. Whether or not HUD should foreclose under the circumstances of a particular case is essentially a business decision as to which there are "no significant statutory or regulatory guide-lines, save HUD's obligation to promote national housing objectives." *United States v. Golden Acres, Inc.,* 520 F.Supp. 1073, 1076 (D.Del.1981). As a result of the wide latitude which the courts have afforded HUD in making a decision to foreclose, a mortgagor resisting foreclosure bears the burden of producing evidence demonstrating that HUD's action is arbitrary, capricious, or an abuse of discretion, or that it fails to comply with the law. *Winthrop Towers, supra* at 1036.

■ Pursuant to Rule 56(c), F.R.Civ.P., a motion for summary judgment should be granted "forthwith" if the pleadings, discovery, and affidavits filed in a case show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Given HUD's wide discretion in this area, foreclosure cases of this sort are well suited to disposition pursuant to a motion for summary judgment if the merits of a mortgagor's affirmative defenses can be determined without a trial. *Winthrop Towers, supra* at 1036; *United States v. Chelsea Towers, Inc.,* 295 F.Supp. 1242 (D.N.J. 1967), appeal dismissed, 404 F.2d 329 (3d Cir.1968).

Here, defendant relies on various documents and affidavits in support of its affirmative defenses. After a review of the entire record, this Court concludes that there is no dispute as to any material fact and that as a matter of law, plaintiff is entitled to foreclose BTMH's mortgage and to other relief.

## III

*Defendant's Affirmative Defenses*

■ The Court would first note that plaintiff, in the event of default by defendant, has both a contract and a statutory right to foreclose. The Deed of Trust executed by BTMH provides that upon any default in payment of an installment which is not made good prior to the due date of the next installment, the entire principal and accrued interest become due and pay-

able at once without notice, at the option of the holder of the Note. The failure to exercise this option does not constitute a waiver of the right in the event of subsequent default. The Deed of Trust also contains a default provision. Defendant does not deny that it has failed to make the required payments since May 1, 1974. Thus, default is admitted here.

The Secretary of HUD also has statutory authority to foreclose. Section 207(k) of the NHA, 12 U.S.C. § 1713(k) confers upon the Secretary the power to institute foreclosure proceedings on property covered by a federally insured mortgage. The Department of Housing and Urban Development Act authorizes the Secretary to:

> foreclose on any property or commence any action to protect or enforce any right conferred upon him by any law, contract, or other agreement. 42 U.S.C. § 3535(i)(1).

The power of the Secretary to foreclose in such circumstances has been repeatedly upheld. *See, e.g., United States v. Victory Highway Village, Inc.,* 662 F.2d 488 (8th Cir.1981). When the default, as here, is undisputed, the court "[c]annot abrogate the right of foreclosure and sale ... which is incorporated in the contract and on the strength of which [the creditor] lent his money." *Id.* at 494, quoting *United States v. Syacauga Properties, Inc.,* 323 F.2d 487, 491 (5th Cir.1963).

■ Once the right to foreclose has been established, as it has in this case, the party opposing such an action must come forward with an affirmative defense which would defeat HUD's foreclosure right. BTMH claims that HUD should not be allowed to foreclose (1) because HUD is acting contrary to national housing policy as embodied in the NHA, (2) because HUD's action is arbitrary and capricious and based on personal animosity toward BTMH, (3) because HUD is to blame for the financial condition of Beacon Terrace inasmuch as it negligently approved a poor construction job, and (4) because there is a dispute as to the amount due on the mortgage. Defendant has submitted various affidavits, documents and correspondence in support of its contentions.

■ There can be little doubt that the Secretary of HUD is obliged to follow the dictates and policies of the NHA. However, that statute does no more than set forth "broad future objectives on a grand scale which are to be accomplished over a period of many years." *Alexander v. U.S. Dept. of HUD,* 555 F.2d 166, 171 (7th Cir. 1977), *aff'd,* 441 U.S. 39, 99 S.Ct. 1572, 60 L.Ed.2d 28 (1979). One of the objectives of the NHA is to make decent housing available for low-income people. 12 U.S.C. § 1701t. *See Little Earth of United Tribes, Inc. v. U.S. Dept. of HUD,* 584 F.Supp. 1287 (D.Minn.1983). However, once default has occurred, "[T]he federal policy to protect the treasury and promote the security of federal investment which in turn promotes the prime purpose of the Act—to facilitate the building of homes by use of federal credit—becomes predominant." *Victory Highway, supra* at 494, quoting *United States v. Stadium Apts. Inc.,* 425 F.2d 358, 363 (9th Cir.1970) *cert. denied,* 400 U.S. 926, 91 S.Ct. 187, 27 L.Ed.2d 926 (1970). Moreover, the Secretary has broad discretion to choose its possible remedies in the event of default and thereby achieve national housing objectives. *Victory Highway, supra* at 495.

■ In the present case, it is clear that the enforcement of HUD's decision to foreclose this mortgage serves national housing policy by minimizing losses and by preserving the assets of HUD's insurance fund as well as by protecting the public's treasury. *Winthrop Towers, supra* at 1036. Under circumstances such as those present here, it is essential that the Court uphold the contract and statutory right of foreclosure of the Secretary in order to maintain the confidence of public and private lenders and to thereby promote the interests of the NHA. *Victory Highway, supra* at 495.

BTMH contends that HUD's decision to foreclose is illegal because the Secretary acted only to maximize HUD's financial

**58**

return and failed to consider alternatives to foreclosure. *See Russell v. Landrieu,* 621 F.2d 1037, 1042 (9th Cir.1980). In support of this claim, defendant has submitted to the Court correspondence between itself, HUD and several commercial developers who expressed interest in purchasing and managing Beacon Terrace. There is little doubt that the Secretary has the authority to enter into such workout agreements or modifications of the mortgage pursuant to Section 239 of the NHA, 12 U.S.C. § 1715z–4. However, the Secretary's discretion to approve such a plan is essentially absolute, and a mortgagor has no legal right to require that such a proposed agreement be accepted. *Kent Farm Company, supra* at 303.

■ The evidence presented by the defendant shows that no order to purchase Beacon Terrace was ever made which was acceptable to HUD. The correspondence indicates that the offers either did not include sufficient capital contributions to bring the mortgage current within the time period required by HUD, or were contingent on other federal housing programs which were not available. The decision not to accept these offers was within the discretion of the Secretary. In light of the conditions under which these offers were made and the Secretary's wide latitude in this area, this Court concludes that HUD's decision to foreclose this mortgage was not arbitrary, capricious, or contrary to national housing policy as embodied in the NHA.

Defendant also contends that HUD's failure to accept any workout agreement failed to adequately consider the interests of the residents of Beacon Terrace, who according to defendant, are the primary beneficiaries of the NHA. In two cases relied upon by the defendant, it was held that HUD's failure to provide a plan for operating and managing the projects after foreclosure raised questions concerning whether HUD's action was consistent with national housing policy and its statutory obligations. *See United States v. American National Bank, etc.,* 443 F.Supp. 167, 175 (N.D.Ill.1977); *Kent Farm Company,*

*supra,* at 301. Since those cases have been decided, HUD has published detailed regulations which govern the disposition of HUD-owned multifamily housing projects after foreclosure. The objectives established by these regulations include increasing and preserving housing stock available to lower income tenants, 24 C.F.R. 290.-20(a)(1), and the disposition of all projects in a manner which minimizes the displacement of tenants. 20 C.F.R. 290.20(d). Although foreclosure here is sought against BTMH, a commercial entity, this Court is satisfied that the residents of Beacon Terrace will be protected by provisions of the controlling regulations.

■ Defendant next argues that HUD's decision to foreclose was not based on any rational analysis, but rather was motivated by personal animosity between the Baltimore Office of HUD and John C. Armor, counsel for BTMH and former trustee for Beacon Terrace. The record does not support this contention. Clearly there have been a number of disputes between these two participants in the Beacon Terrace project. However, the record indicates that the final decision to foreclose was made in the Washington Office of HUD. In fact, in 1975 the Baltimore Office actually recommended against foreclosure. Even more significant is the fact that no precipitous action was taken by HUD in reaching its ultimate decision to foreclose. HUD waited approximately eight years after default before deciding on foreclosure.

■ Other defenses interposed by defendant are likewise without merit. It is claimed that it was HUD's fault that Beacon Terrace was originally poorly constructed and mismanaged, and that this led to financial problems and default. This type of affirmative defense has been repeatedly rejected by the courts. *Winthrop Towers, supra* at 1038; *Chelsea Towers, supra* at 1247. HUD's primary obligation is to the mortgagee, not the mortgagor. *Winthrop Towers, supra,* at 1038. BTMH also asserts that one of the causes of its financial difficulties was the failure of HUD to approve rent increases. This con-

tention has likewise been rejected as an affirmative defense by a number of courts. *See, e.g., United States v. Antioch Foundation,* No. 81–C–4088 (N.D.Ill. Oct. 5, 1982); *Little Earth, supra,* at 1291. On the record here, this Court finds and concludes that neither HUD's alleged negligence in inspecting and approving the construction of Beacon Terrace, nor its failure to approve rent increases would defeat HUD's right to foreclose this mortgage.

Finally, defendant BTMH asserts · that summary judgment cannot be granted because there is a genuine issue of fact concerning the amount due on the mortgage. The government has presented an affidavit of the Director of the Office of Finance & Accounting of HUD, which establishes the sums due as of September 1, 1983. HUD claims that the total amount due, which includes, *inter alia,* the unpaid balance and the accrued interest at 7% per annum, is $2,573,371.42. In addition, a monthly service charge of $811.98 was due on October 1, 1983, on November 1, 1983 in a different amount and on the first of each month thereafter.

 BTMH claims that HUD's calculations fail to properly credit defendant with $36,156.92 which was paid in Section 8 subsidies to certain residents of the project. Even assuming that BTMH is correct, it is apparent that defendant would still owe over $2,500,000 on the mortgage. While a dispute of fact exists as to the exact amount due and owing by defendant, this dispute is not material to HUD's right to foreclose the mortgage. Various computations will have to be made before a final order is entered in this case. When the property has been sold and a final Report of Sale filed, defendant would have the right to object to the figures submitted by the auditor. However, the dispute as to the exact amounts involved would not defeat plaintiff's right to summary judgment.

 To summarize, the Secretary has both contract and statutory authority to foreclose the mortgage of BTMH. The defendant has failed to meet its burden of establishing that HUD's decision was arbi-

trary and capricious, or was contrary to national housing policy. Defendant has also failed to establish any other affirmative defenses. Accordingly, this Court concludes as a matter of law that the plaintiff is entitled to immediate possession of the property, to foreclosure of the mortgage and to other appropriate relief.

For all these reasons, it is this 13th day of March, 1984, by the United States District Court for the District of ·Maryland,

ORDERED:

1. That plaintiff's motion for summary judgment be and the same is hereby granted; and

2. That counsel for plaintiff should submit to the Court within 15 days an appropriate Order granting plaintiff immediate possession of the premises, providing for the foreclosure of the mortgage and granting other appropriate relief.