**LITTLE EARTH OF UNITED TRIBES, INC., et al., Plaintiffs,**

v.

**U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, et al., Defendants.**

**Samuel R. PIERCE, Jr., Secretary of Housing and Urban Development, Counterclaimant,**

v.

**SOUTH HIGH NON–PROFIT HOUSING CORP., a/k/a Little Earth of United Tribes, Inc., Counterclaim-defendant.**

**Civ. No. 3–82–1096.**

United States District Court,
D. Minnesota,
Third Division.

Feb. 10, 1988.

**1216**

Larry B. Leventhal of Larry Leventhal and Associates, Bruce M. Badenoch of Law Offices of the Legal Aid Soc. of Minneapolis, and Randall Smith of Poindexter, Jacobson, Stromme & Harwood, Minneapolis, Minn., for plaintiffs.

Francis X. Hermann, U.S. Atty., Minneapolis, Minn., and Sarah E. Canzoneri and Geoffrey L. Patton, U.S. Dept. of Housing and Urban Development, Washington, D.C., for defendants.

## ORDER

RENNER, District Judge.

Before the Court is defendants' motion, pursuant to Fed.R.Civ.P. 59(e), to amend this Court's October 19, 1987 order for judgment in the above-entitled matter. *Little Earth v. HUD*, 675 F.Supp. 497 (D.Minn.1987).

Specifically, defendants contend that the Court erred by denying HUD the opportunity to collect advances made to LEOUT during the Court-ordered receivership. In HUD's view, the agency is entitled to add all advances to LEOUT's mortgage debt, plus 7% interest thereupon, and to attempt to collect said monies out of foreclosure sale proceeds. After careful review, this Court is convinced that amendment of its earlier order is appropriate with respect to HUD's advances for project rehabilitation.

This Court's equitable authority to compel HUD to make advances for operating expenses and rehabilitation was upheld by the Circuit Court of Appeals. *Little Earth v. HUD*, 807 F.2d 1433 (8th Cir.1986). That Court was not presented with, and did not decide, the question of which party would ultimately bear the cost of said advances should the assets of the receivership be insufficient to cover all expenses.

The mere fact that HUD requested appointment of the receiver does not automatically render HUD responsible for the receiver's expenses. *Id.* at 1442. Instead, the Court has wide discretion to determine who shall bear the costs of receivership. *Id., citing Atlantic Trust Co. v. Chapman*, 208 U.S. 360, 370–75, 28 S.Ct. 406, 408–11, 52 L.Ed. 528 (1908); *Bowersock Mills & Power Co. v. Joyce*, 101 F.2d 1000, 1002 (8th Cir.1939).

In originally rejecting HUD's addition of receivership advances to LEOUT's mortgage debt, this Court reasoned that such an allocation was irrelevant in light of HUD's vigorous assertions that its own 90% bid to purchase the project at foreclosure would prevail. Given that HUD's bid would not even cover LEOUT's initial outstanding loan balance, addition to LEOUT's debt of the significant sums advanced to the project receiver seemed an unwarranted exercise in futility.

Upon reflection, however, this Court agrees with HUD that the futility of collecting upon the debt does not, in the absence of special circumstances, justify allocating ultimate responsibility for all of said advances to HUD.

As noted in this Court's October 19, 1987 opinion, HUD, at least to some extent, controls the receiver's income by setting the Section 8 contract rent levels. By adjusting the rents at a level insufficient to cover operating expenses, principal, interest, taxes and insurance, HUD effectively has deferred substantial Section 8 expenditures by charging them to Little Earth's mortgage debt. These special circumstances do dictate that HUD bear the cost of advances for operating expenses and taxes. Having benefitted from deferring expenditures, it would be inequitable, to allow HUD to add advances for operating expenses and taxes to LEOUT's overall debt.

The same cannot be said, however, with respect to HUD expenditures for project rehabilitation. HUD advanced such funds reluctantly at this Court's order. Unlike advances for operating expenses over which HUD had some control by virtue of the agency's discretionary authority to set Section 8 subsidies, HUD cannot adjust project subsidies to cover rehabilitation costs.

The equitable considerations weighing against allowing HUD to add advances for operating expenses and taxes to LEOUT's debt are simply inapplicable in the context of advances for project rehabilitation. Thus, to the extent this Court's previous Order treated identically those advances for operating expenses and those for rehabilitation, the prior Order was in error.

Accordingly, based on the foregoing and a review of the entire file and record, IT IS HEREBY ORDERED, pursuant to Fed.R. Civ.P. 59(e), that paragraph 207 of this Court's Findings of Fact dated October 19, 1987 be amended to read:

207. HUD has charged LEOUT with responsibility to repay all advances made during the receivership. The Court approves this allocation of receivership expenses only with respect to Court-ordered advances for project rehabilitation. Advances for operating expenses or taxes should not be added to LEOUT's accelerated debt. Plaintiffs are not in default as to such monies; said advances cannot be utilized by defendant as partial support for foreclosure.

IT IS FURTHER ORDERED, pursuant to Fed.R.Civ.P. 59(e), that paragraphs 13, 14 and 15 of this Court's Conclusions of Law dated October 19, 1987 be amended to read:

13. LEOUT is indebted to HUD in the amount of the unpaid loan principal balance of $4,519,777.40, plus interest thereupon at 7% per annum.

14. LEOUT is further indebted to HUD for all advances made to the receiver for project rehabilitation, plus interest thereupon at 7% per annum. LEOUT is also indebted to HUD for all costs incurred by HUD in conducting a fore-

closure of the mortgage, plus interest thereupon at 7% per annum. Plaintiffs are not, however, in default as to HUD advances for operating expenses or taxes; said advances cannot be utilized by defendant as partial support for foreclosure.

15. To the extent, if at all, that interest reduction payments were applied against advances for operating expenses or taxes, as would have been appropriate had the Court accepted HUD's allocation of said receivership advances, HUD must make appropriate reductions in the outstanding interest due on the unpaid loan principal balance.

IT IS FURTHER ORDERED, pursuant to Fed.R.Civ.P. 59(e), that paragraph 5 of this Court's Order for Judgment dated October 19, 1987, be deleted and paragraph 4 of the Order for Judgment be amended to read:

4. LEOUT is indebted to HUD for all advances made to the receiver for project rehabilitation, plus interest thereupon at 7% per annum. LEOUT is also indebted to HUD for all costs incurred by HUD in conducting a foreclosure of the mortgage, plus interest thereupon at 7% per annum.

IT IS FURTHER ORDERED that HUD shall within fifteen (15) days provide plaintiffs and this Court with an accounting of the outstanding interest due on the unpaid loan principal balance, as well as an accounting of HUD advances for project rehabilitation and HUD foreclosure expenses, plus interest thereupon at 7% per annum. To the extent, if at all, that interest reduction payments were applied against advances to the receiver for operating expenses or taxes (as distinct from advances for project rehabilitation), HUD must make appropriate reductions in the outstanding interest due on the unpaid loan principal balance. All accounting called for under this paragraph shall be calculated as of October 19, 1987, the date of this Court's original judgment.

IT IS FINALLY ORDERED that plaintiffs shall have ten (10) days after receipt

of defendant's submission within which to file a response.