878 F.2d 236
 LITTLE EARTH OF UNITED TRIBES, INC., a Minnesota nonprofit
corporation; and Little Earth Residents
Association, Inc., Appellants,
v.
UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT;
Samuel R. Pierce, Jr., in his capacity as Secretary, United
States Department of Housing and Urban Development (HUD);
John Doe and Mary Roe, Agents and Officials of HUD; and
Donald Omodt, in his capacity as Sheriff of Hennepin County,
Appellees.
UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT;
and Samuel Pierce,
v.
LITTLE EARTH OF UNITED TRIBES.
 No. 88-5141.
 United States Court of Appeals,
Eighth Circuit.
 Submitted May 8, 1989.
Decided June 23, 1989.
Rehearing and Rehearing En Banc Denied Aug. 16, 1989.
 
 Timothy L. Thompson, Minneapolis, Minn., for appellants.
 Sarah E. Canzoneri, Washington, D.C., for appellees.
 Before ARNOLD, FAGG, and BOWMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 In 1982, the Department of Housing and Urban Development (HUD) began nonjudicial foreclosure proceedings against the mortgage on a federally subsidized housing project in Minneapolis, Minnesota, known as Little Earth of United Tribes (LEOUT or the project). The project owner, Little Earth of United Tribes, Inc., and a tenant association, Little Earth Residents Association, Inc. (collectively Little Earth), filed this action to enjoin the foreclosure sale. Little Earth also sought declaratory relief and damages based on a variety of legal theories. HUD counterclaimed for judicial foreclosure. After a bench trial, the district court granted final judgment in favor of HUD and the individual government defendants and dismissed all Little Earth's claims. See Little Earth of United Tribes, Inc. v. HUD, 675 F.Supp. 497, 526 (D.Minn.1987), amended, 691 F.Supp. 1215 (D.Minn.1988). The court also granted HUD's counterclaim for judicial foreclosure; fixed the amount of principal, interest, and costs due HUD on the loan; and directed the disposition of the foreclosure sale proceeds. See id. Little Earth appeals, and we affirm.
 
 
 2
 LEOUT began in 1971 as a nonprofit project to provide affordable housing for American Indians. The first tenants moved into LEOUT during February 1973, and later that year the project was fully occupied. A private lender provided the project's initial construction loan. In 1975, this lender assigned the construction note and mortgage to HUD under a federal mortgage insurance program. LEOUT defaulted on its initial 1975 loan payment and has remained in default ever since.
 
 
 3
 In addition to mortgage insurance, LEOUT participated in HUD financial assistance programs that provided rent and interest payment subsidies. Despite this assistance, the project quickly experienced severe financial difficulties and physical deterioration that HUD attributed largely to mismanagement. After several years of attempting to turn the project's financial tide, HUD in 1980 conducted an extensive management review and financial audit that showed the project was still in serious difficulty. As a result, HUD in January 1981 notified LEOUT of its intention to foreclose on the project unless certain specific conditions were met, including altering the project's management structure. LEOUT failed to take the steps HUD deemed necessary for the project to survive, and HUD consequently denied additional subsidy funding for the project. In September 1981, local HUD officials recommended foreclosure. In March 1982, HUD notified LEOUT of its intent to foreclose and scheduled a foreclosure sale.
 
 
 4
 HUD twice agreed to postpone the sale in hopes of negotiating an alternative to foreclosure. These negotiations proved unsuccessful, however, and this litigation resulted. The district court granted Little Earth's request for a preliminary injunction pending resolution of the case and appointed a receiver to manage the project in the interim. See Little Earth of United Tribes, Inc. v. HUD, 584 F.Supp. 1301, 1305 (D.Minn.1983); see also Little Earth of United Tribes, Inc. v. HUD, 807 F.2d 1433 (8th Cir.1986). At the time of trial, LEOUT had made no loan payments for the previous three years, and the project loan remained delinquent. The unpaid principal alone then totalled in excess of four and one-half million dollars. Unpaid interest, advances for taxes and operating funds, and other miscellaneous expenses substantially raised the total amount of debt due on the project.
 
 
 5
 Little Earth's complaint challenged HUD's ongoing actions in administering the LEOUT project and HUD's ultimate decision to foreclose on the property. The district court granted HUD summary judgment on some of these claims. See Little Earth of United Tribes, Inc. v. HUD, 584 F.Supp. 1292, 1300-01 (D.Minn.1983); Little Earth of United Tribes, Inc. v. HUD, 584 F.Supp. 1287, 1292 (D.Minn.1983), appeal dismissed, 738 F.2d 310, 314 (8th Cir.1984) (per curiam).
 
 
 6
 LEOUT's claims that remained for trial basically asserted HUD's actions were arbitrary, capricious, an abuse of discretion, and racially motivated in violation of: (1) the due process clause of the United States Constitution; (2) the federal civil rights laws, see Title VI of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000d et seq. (1982); Title VIII of the Civil Rights Act of 1968, 42 U.S.C. Secs. 3601 et seq., 3608(e)(5) (1982); 42 U.S.C. Secs. 1981, 1982, 1985(3) (1982); (3) the Administrative Procedure Act, 5 U.S.C. Secs. 701-706 (1982); and (4) the federal government's fiduciary duty to the American Indian people generally, see Morton v. Ruiz, 415 U.S. 199, 236, 94 S.Ct. 1055, 1075, 39 L.Ed.2d 270 (1974); Seminole Nation v. United States, 316 U.S. 286, 296-97, 62 S.Ct. 1049, 1054, 86 L.Ed. 1480, 86 L.Ed. 1777 (1942). After taking extensive testimony and other evidence, the district court issued a comprehensive ruling rejecting each of Little Earth's claims.
 
 
 7
 The district court's decision rests essentially on three key determinations. First, the court held "HUD's actions were taken without discriminatory intent," Little Earth of United Tribes, Inc., 675 F.Supp. at 532, and were justified without reference to racial factors, see id. at 533. Second, the court held HUD's administrative actions regarding the project did not establish a defense to foreclosure and, on the whole, were not arbitrary or capricious or an abuse of discretion. See id. at 525; see also id. at 526-30. Finally, the court concluded the evidence did not show HUD's foreclosure decision would inevitably lead to displacement of low-income Indian tenants. See id. at 534. On review, we find no error in these three critical rulings.
 
 
 8
 Based on HUD's lack of discriminatory intent, the court denied Little Earth's civil rights claims predicated on the due process clause, Title VI, and sections 1981, 1982, and 1985(3). See id. at 525; see also id. at 530-33; id. at 532 n. 5. Regarding Little Earth's Title VIII claim, the court described the heart of this challenge as Little Earth's contention "that HUD, without proper analysis and concern, embarked on a course of action culminating in a foreclosure decision [that] risk[ed] displacement of Little Earth's Indian tenants." Id. at 534. Having evaluated HUD's overall pattern of decisions and the likely impact of the foreclosure sale on Indian tenants, the court found no support for Little Earth's Title VIII claim. See id. at 534-35.
 
 
 9
 Relying on its determination that HUD had not been arbitrary or capricious and had not abused its discretion, the district court also determined Little Earth had not shown HUD violated the Administrative Procedure Act. See id. at 525, 526-30. Finally, the court determined Little Earth's claim founded on the government's fiduciary duty to the American Indian people failed for essentially the same reasons as the Title VIII claim. See id. at 535. Because HUD would most likely be the project purchaser at the foreclosure sale, the court concluded Indian housing would not be dismantled as a result of the foreclosure action. See id. The court noted in any event that "HUD's trust obligations do not dictate continued financing of a demonstrably mismanaged and failing project." Id. at 535.
 
 
 10
 On appeal, Little Earth contends the district court committed error in failing to: (1) apply a mixed-motive analysis to Little Earth's civil rights claims; (2) allocate properly the burdens of proof for Little Earth's civil rights claims; (3) conclude HUD violated the Administrative Procedure Act; and (4) hold HUD violated its fiduciary obligation to the American Indian people. We have carefully reviewed Little Earth's contentions in light of the district court's thorough decision in this case, the record, and the parties' arguments on appeal. Having done so, we conclude the district court's decision is based on findings of fact that are not clearly erroneous, and no error of law appears. Thus, we affirm the district court's decision.