Russell A. KILMER and Nadine Kilmer, husband and wife; and Larry Martin, a single person, Appellants (Defendants),

v.

CITICORP MORTGAGE, INC., Appellee (Plaintiff).

No. 93–10.

Supreme Court of Wyoming.

Oct. 8, 1993.

Jerry M. Smith and Ann T. Schnelzer of Sigler and Smith Law Office, Torrington, for appellants.

Peter G. Arnold of Riske & Arnold, P.C., Cheyenne, for appellee.

Before MACY, C.J., and THOMAS, CARDINE, GOLDEN and TAYLOR, JJ.

MACY, Chief Justice.

Appellants Russell A. Kilmer, Nadine Kilmer, and Larry Martin (the mortgagors) appeal from the district court's summary judgment order granting a deficiency judgment to Appellee Citicorp Mortgage, Inc. (the mortgagee).

We affirm.

The mortgagors present the following issues for our review:

I. Citicorp Mortgage, Inc. has no right of subrogation to pursue a deficiency against the Mortgagors.

II. Citicorp Mortgage, Inc. was not entitled to a Summary Judgment as a matter of law.

III. Citicorp Mortgage, Inc. was not entitled to a Summary Judgment as there were genuine issues as to material facts.

The mortgagee states the issues somewhat differently:

A. Does the status claimed by the Defendants as, "Insureds" amount to a material fact, which if unresolved warrants the reversal of the summary judgment rendered in the Plaintiff's favor?

B. Does the Plaintiff, as the assignee of the United States Department of Housing and Urban Development have an enforceable subrogation claim against the Defendants?

C. Was summary judgment appropriately rendered in favor of the Plaintiff?

In early 1985, the mortgagors borrowed $57,920 from WestAmerica Mortgage Company. They used the proceeds of the loan to purchase a four-unit apartment building located in Torrington, Wyoming. A mortgage note and a mortgage on the property secured the loan.

The mortgage required that the note and mortgage be insured under the National Housing Act by the Department of Housing and Urban Development (HUD). Accordingly, the parties submitted a HUD/FHA application for a commitment for insurance under the National Housing Act. HUD issued a mortgage insurance certificate on May 13, 1985.

On April 26, 1985, WestAmerica Mortgage Company assigned its interest in the mortgage and note to Citicorp Homeowners Services, Inc. Citicorp Homeowners Services, Inc. subsequently merged with several other Citicorp entities and formed Citicorp Mortgage, Inc., the mortgagee in this action.

On or about August 1, 1989, the mortgagors defaulted in the repayment of the loan. On March 16, 1990, the mortgagee foreclosed on the mortgage by advertisement and sale of the property. The mortgagee purchased the property at the foreclosure sale with a bid of $42,773.50. The bid amount was calculated by applying a formula to determine HUD's adjusted fair market value of the property. On the date of the sale, the mortgagors owed $63,395.05 on the debt. Thus, the mortgagee realized a deficiency of $20,621.55, the difference between the debt and the bid amount.

After the redemption period had expired, the mortgagee submitted its claim for payment under the mortgage insurance policy and conveyed its title in the property to HUD. HUD paid $70,088.13 to the mortgagee as mortgage insurance proceeds. HUD, therefore, incurred a loss of $27,314.63, the difference between the mortgage insurance payment and the adjusted fair market value of the property it received. On January 23, 1992, the mortgagee assigned the note to HUD. HUD later reassigned its rights against the mortgagors back to the mortgagee for collection.

The mortgagee filed its complaint on July 11, 1991, seeking a deficiency judgment. Following a series of procedural moves, the mortgagee filed a motion for a summary judgment on September 25, 1992. After holding a hearing on the motion, the district court granted a summary judgment in favor of the mortgagee. The summary judgment order found that the mortgagors were jointly and severally liable for the amount of HUD's deficiency, accrued interest, and attorney's fees. The mortgagors appeal from the district court's order.

■ Our general standards governing appellate review of summary judgments are well-established:

> Summary judgment is proper when no genuine issues of material fact exist and the prevailing party is entitled to judgment as a matter of law. *Baros v. Wells*, 780 P.2d 341 (Wyo.1989); *Farr v. Link*, 746 P.2d 431 (Wyo.1987).
>
> "We review a summary judgment in the same light as the district court, using the same materials and following the same standards. We examine the record from the vantage point most favorable to the party opposing the motion, and we give that party the benefit of all favorable inferences which may fairly be drawn from the record. A material fact is one which, if proved, would have the effect of establishing or refuting an essential element of the cause of action or defense asserted by the parties."

*Wagner v. First Wyoming Bank, N.A. Laramie*, 784 P.2d 224, 226 (Wyo.1989) (citations omitted).

*Husman, Inc. v. Triton Coal Company*, 809 P.2d 796, 798–99 (Wyo.1991), *appeal after remand*, 846 P.2d 664 (Wyo.1993). In contract cases, a summary judgment is appropriate when the language of the agreement is plain and unequivocal. *Flying J, Inc. v. Booth*, 773 P.2d 144, 148 (Wyo.1989); *Dudley v. East Ridge Development Company*, 694 P.2d 113, 117 (Wyo. 1985).

Because the mortgagors' three issues are interrelated, we will discuss them together. The mortgagors insist that two material questions of fact existed which precluded the entry of a summary judgment. First, they contend that whether HUD had a contractual right of subrogation against them was a material question of fact. Secondly, they insist that the determination as to who was the insured party under the mortgage insurance policy was a material question of fact.

The mortgagors' argument may be summarized as follows: Mortgage insurance was purchased with funds supplied by the mortgagors; the purpose of the mortgage insurance was to protect the mortgagors against liability for a deficiency judgment in case they defaulted; the mortgagee received the mortgage insurance proceeds after the mortgagors defaulted; the insurance proceeds made the mortgagee whole, and the mortgagee had no right to pursue a deficiency judgment; because the mortgagee had no claim against the mortgagors, HUD had no right against them by virtue of subrogation; HUD had no independent contractual right to pursue a claim against the mortgagors; HUD had no rights against the mortgagors, and the mortgagee, therefore, could not assert a deficiency claim against the mortgagors under the doctrine of subrogation.

■ In order to discuss this case logically, we will determine the parties' relative rights and responsibilities as to each contract. Courts interpret contracts by ascertaining the parties' intent; the parties' intent to a clear and unambiguous contract is found in the words of the agreement. *Jackson Hole Racquet Club Resort v. Teton Pines Limited Partnership*, 839 P.2d 951, 958 (Wyo.1992); *Moncrief v. Harvey*, 816 P.2d 97, 103 (Wyo.1991). *See also Cliff & Co., Ltd. v. Anderson*, 777 P.2d 595 (Wyo.1989) (applying the basic rules of contract construction to documents involved in a real estate transaction).

No material issues of fact were present in this case. The language of the various agreements involved in this transaction was clear and unambiguous. Because the relevant contractual and statutory language controlled the outcome in this case, application of the doctrine of subrogation was not necessary.

The note and mortgage required the mortgagors to repay the amount of the loan, together with interest. Both documents included acceleration clauses whereby the mortgagee could declare the entire amount as being due and payable in the event the mortgagors defaulted in making payments. The mortgage also stated that, if the property were sold through foreclosure and the proceeds were insufficient to discharge the debt, the mortgagors

would be personally bound to pay the remaining balance and that the mortgagee would be entitled to have a deficiency judgment.

■ The mortgagors contend that no written insurance contract existed. We disagree. An agreement may consist of more than one document. *Dawson v. Lohn*, 705 P.2d 853, 856 (Wyo.1985). The procurement of mortgage insurance was a condition precedent to the mortgagors obtaining the loan. The mortgagors and the mortgagee signed the application for a commitment for insurance which provided in part:

> [U]nless [the mortgagors] are able to sell the property to a buyer who is acceptable to the VA or to HUD/FHA and who will assume the payment of [the mortgagors'] obligation to the [mortgagee], [the mortgagors] will not be relieved from liability to repay any claim which the VA or HUD/FHA may be required to pay [the mortgagee] on account of default in [the mortgagors'] loan payments. The amount of any such claim payment will be a debt owed by [the mortgagors] to the Federal Government. This debt will be the object of established collection procedures.

HUD issued the mortgage insurance certificate. Together, the documents involved in this transaction formed an agreement, and the mortgagors were, therefore, bound by the provisions of the application for a commitment for insurance.

The application for a commitment for insurance tracks the relevant federal statute. Pursuant to 12 U.S.C. §§ 1710(g) and 1713(*l*) (1988), the secretary of HUD has the power to pursue to a final collection all claims against mortgagors which have been assigned to him by mortgagees. *See also Little Earth of United Tribes, Inc. v. U.S. Department of Housing and Urban Development*, 675 F.Supp. 497 (D.Minn. 1987), *amended*, 691 F.Supp. 1215 (1988), *aff'd*, 878 F.2d 236 (8th Cir.1989), and *cert. denied*, 494 U.S. 1078, 110 S.Ct. 1805, 108 L.Ed.2d 936 (1990) (holding that, after the mortgage insurance proceeds have been paid and the claims have been assigned by

the mortgagee, HUD assumes all rights of the original lender).

■ Applying the relevant contractual and statutory language, we conclude that HUD and the mortgagee had the right to pursue a claim for deficiency against the mortgagors. The mortgagors were contractually bound to both the mortgagee and HUD for any deficiency resulting from a default in their loan payments. When HUD remitted the insurance proceeds, the mortgagee assigned its rights against the mortgagors to HUD. At that point, HUD had authority to pursue a claim against the mortgagors by virtue of its own contractual rights and the rights assigned to it by the mortgagee. HUD, in turn, properly assigned its rights against the mortgagors to the mortgagee for collection.

■ The mortgagors also contend that a material issue of fact existed concerning who the insured party was under the federal mortgage insurance policy because the mortgage insurance documents did not specify who was insured. In making this contention, the mortgagors misunderstand the nature of mortgage insurance. Congress set up a system under the National Housing Act, whereby private mortgagees are given the opportunity to insure certain loans through HUD. 12 U.S.C. §§ 1701 to 1750 (1988 & Supp.1993). *See also* Regulations Relating to Housing and Urban Development, 24 C.F.R. § 200.5 (1992). Mortgage insurance protects a mortgagee when it loans money to what would normally be considered a higher risk mortgagor. *See S.S. Silberblatt, Inc. v. East Harlem Pilot Block—Building 1 Housing Development Fund Company, Inc.*, 608 F.2d 28 (2d Cir. 1979). "[F]ederal mortgage insurance is not an alternate mechanism for the repayment of defaulted loans which extinguishes a mortgagor's obligation thereon or its liability for a deficiency judgment." *Platte Valley Savings by Resolution Trust Corporation v. Crall*, 821 P.2d 305, 307 (Colo. Ct.App.1991) (holding that, without the proper assignments being made between the mortgagee and HUD, the mortgagee could not pursue a deficiency judgment

against the mortgagor because it was not the real party in interest). Accordingly, the mortgagee was the insured party under the federal mortgage insurance policy.

No material issues of fact existed in this case. Summary judgment was properly granted as a matter of law. The mortgagors are liable to the mortgagee for the deficiency.

Affirmed.